FINA TECHNOLOGY, INC. and Fina Oil and Chemical Company, Plaintiffs–Appellees,

v.

John A. EWEN, Defendant–Appellant,

v.

Abbas Razavi, Intervenor.

No. 00–1578.

United States Court of Appeals, Federal Circuit.

Sept. 17, 2001.

William D. Harris, Jr., Hitt Gaines & Boisbrun, P.C., of Richardson, TX, argued for plaintiffs-appellees. Of counsel on the brief was Cynthia K. Timms, Locke Liddell & Sapp LLP, of Dallas, TX. Also of counsel on the brief was Kimberly A. Elkjer, Law Offices of Kimberly A. Elkjer, of Dallas, TX.

Jim L. Flegle, Bracewell & Patterson, L.L.P., of Dallas, TX, argued for defendant-appellant.

Before SCHALL, BRYSON, and DYK, Circuit Judges.

SCHALL, Circuit Judge.

Fina Technology, Inc. and Fina Oil and Chemical Co. ("Fina") are the owners of United States Patent Nos. 4,892,851 ("the '851 patent") and 5,476,914 ("the '914 patent"). The patents are directed to a certain type of polypropylene technology. Both patents list Dr. John A. Ewen as the first inventor, followed by Dr. Abbas Razavi as the second inventor. In December of 1993, Fina brought a declaratory judgment action against Dr. Ewen in the United States District Court for the Northern District of Texas. In its suit, Fina sought, *inter alia,* a declaratory judgment that the inventorship designation on the '851 patent was correct. Subsequently, Dr. Razavi intervened in the case. When the '914 patent issued in 1995, Fina added it to its suit. Eventually, the parties entered into a settlement agreement in order to resolve the case. Thereafter, the district court entered an order and judgment to effectuate the terms of the settlement agreement

as it understood them. In the order and judgment, the court dismissed Fina's suit with prejudice. The court also ordered the Director of Patents and Trademarks [1] to issue a certificate of correction pursuant to 35 U.S.C. § 256 (Supp. V 1999) for the '851 and '914 patents, reversing the order of inventors. *Fina Oil & Chem. Co. v. Ewen,* 3:93 CV 2529 X (N.D.Tex. Sept. 11, 2001) (*"Fina II"*).

Dr. Ewen appeals the order and final judgment, arguing that the settlement agreement contemplated only a dismissal of the lawsuit with prejudice in district court, not further action with respect to the order of the inventors on the '851 and '914 patents. Additionally, he contends that 35 U.S.C. § 256 does not give the district court authority to order a change in the order of inventors. Because we agree that the district court did not have authority to order the Director to change the order of inventors on the patents, we vacate the judgment of the district court and remand the case for further proceedings consistent with this opinion.

## BACKGROUND

The pertinent facts can be briefly stated. As noted above, Fina brought this action in December of 1993 and thereafter Dr. Razavi intervened. Subsequently, Dr. Razavi moved for partial summary judgment that he was the sole inventor of the subject matter claimed in the '851 patent, and the court granted the motion. The court then denied Dr. Ewen's motion for reconsideration. After the parties entered into stipulations regarding the remaining claims, the court entered final judgment that Dr. Razavi was the sole inventor of the '851

patent. Dr. Ewen appealed the judgment of the district court to us. On appeal, we concluded that the district court had applied the wrong legal standard in determining Dr. Ewen's contribution to the subject matter claimed in the '851 patent. *Fina Oil & Chem. Co. v. Ewen,* 123 F.3d 1466, 1468, 43 USPQ2d 1935, 1937 (Fed. Cir.1997) (*"Fina I"*). We determined that, under the proper standard, genuine issues of material fact existed as to the contributions of both Dr. Ewen and Dr. Razavi to the claimed invention. *Id.* at 1474, 43 USPQ2d at 1942. We therefore vacated the district court's grant of summary judgment and remanded the case for further proceedings. *Id.*

Eventually, after the case had been remanded to the district court, the parties entered into a settlement agreement. Prior to entry of judgment pursuant to the agreement, however, a dispute arose as to the terms of the agreement. The parties agreed that, under the settlement agreement, all pending claims were to be dismissed with prejudice and that Dr. Ewen and Dr. Razavi were properly listed as inventors on the '851 patent and the '914 patent (which by then was part of the case). However, Fina took the position that, under the settlement agreement, it was entitled to request the district court to enter an order ordering the Director to change the order of inventors listed on the patents by naming Dr. Razavi first. Dr. Ewen disputed Fina's construction of the settlement agreement and argued that, in any event, the district court was without authority to issue the order Fina was seeking.

---

1. Effective March 29, 2000, the title of the head of the Search Term Begin Search Term End Patent and Trademark Office ("PTO") was changed from "Commissioner" to "Director." Search Term Begin Search Term End Pub.L. No. 106–113, 113 Stat. 1501A 582

(1999). Although the district court and the parties refer to the head of the PTO by using the title "Commissioner," we use the term "Director" to avoid confusion with the current statutory language.

The district court resolved the dispute in Fina's favor. On September 11, 2000, pursuant to Fina's motion for entry of a final judgment in accordance with the settlement agreement, the district court entered an order ordering the Director to change the order of inventors on the '851 and '914 patents to make Dr. Razavi the first-named inventor and Dr. Ewen the second-named inventor on each patent. *Fina II,* slip op. at 2. Dr. Ewen timely appealed the district court's order. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (1994).

## DISCUSSION

### I.

Dr. Ewen raises two contentions on appeal. First, he argues that the district court erred in construing the settlement agreement. He asserts that Fina was not entitled under the agreement to request that the district court order the Director to change the order of inventors on the '851 and '914 patents. Second, Dr. Ewen argues that the district court did not have the power to order the Director to change the order of the inventors on the patents. He contends that 35 U.S.C. § 256 does not give a district court authority to order the rearrangement of names on the face of a patent. Rather, he contends, § 256 only gives a district court authority to order correction of a patent that mistakenly omitted an actual inventor or included a non-inventor. We do not reach the issue of the settlement agreement because we conclude that, even assuming the district court correctly construed the agreement, it was not empowered to order the Director to change the order of inventors on the '851 and '914 patents.

### II.

■ This case presents an issue of statutory interpretation, a matter of law that we review de novo. *Vectra Fitness, Inc. v.* *TNWK Corp.,* 162 F.3d 1379, 1382, 49 USPQ2d 1144, 1146 (Fed.Cir.1998). Fina contends that, under 35 U.S.C. § 256, a district court has the power to order the Director to change the order of the inventors on an issued patent. It also contends that even if such power is lacking under § 256, we may affirm the district court's order on the ground that 35 U.S.C. § 255 (Supp. V 1999) does authorize the correction that the district court ordered in this case. Fina points out that, under § 255, a minor clerical error, which was made by the patent applicant in good faith and which does not constitute new matter or require reexamination, may be corrected through a certificate of correction. According to Fina, because the order of inventors would not affect the scope or meaning of the patents at issue, and because Fina acted in good faith when it initially declared Dr. Ewen to be the first inventor, the order of inventors may be changed pursuant to either § 255 or § 256.

■ Section 256 grants district courts the power to correct the addition of a non-inventor or the omission of an inventor in an issued patent. The section provides:

Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error. The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties con-

cerned and the Director shall issue a certificate accordingly.

We have interpreted § 256 as addressing two varieties of error in inventorship, misjoinder and nonjoinder. *See Stark v. Advanced Magnetics, Inc.,* 119 F.3d 1551, 1553, 43 USPQ2d 1321, 1322 (Fed.Cir. 1997). Additionally, we have determined that the standards of both paragraphs of § 256 pertain to administrative as well as judicial proceedings, thereby giving courts the power to correct either type of error in inventorship when all parties are given notice and an opportunity to be heard. *Id.* at 1553, 119 F.3d 1551, 43 USPQ2d at 1323. We noted in *Stark* that the language of § 256 directs courts to correct inventorship under standards "provided in this section." *Id.* at 1554, 119 F.3d 1551, 43 USPQ2d at 1323. The language of § 256 is not broad enough, however, to be read as giving a district court authority to order the Director to change the order of inventors on an issued patent.

■ Nor do we believe that 35 U.S.C. § 255 can be read as support for the district court's action in this case. Section 255 contemplates the correction of other types of mistakes on an issued patent. It provides as follows:

> Whenever a mistake of a clerical or typographical nature, or of minor character, which was not the fault of the Patent and Trademark Office, appears in a patent and a showing has been made that such mistake occurred in good faith, the Director may, upon payment of the required fee, issue a certificate of correction, if the correction does not involve such changes in the patent as would constitute new matter or would require re-examination. Such patent, together with the certificate, shall have the same effect and operation in law on the trial of

actions for causes thereafter arising as if the same had been originally issued in such corrected form.

Section 255 does not provide for action by a district court. Rather, the statute permits only the Director to issue a certificate of correction for a clerical error. Furthermore, the order of inventorship does not appear to be the type of mistake contemplated by § 255. Examples of mistakes that fall under § 255 typically include correcting a misspelled word or adding a prior art reference that was submitted to and discussed by the examiner but inadvertently omitted by the applicant on PTO Form 1449 for listing references. *See In re Arnott,* 19 USPQ2d 1049, 1053 (Comm'r Pat. 1991). The order of inventors in the heading of a patent is taken by the PTO directly from the order in which the names appear in the original oath or declaration. *Man. Pat. Exam. P.,* § 605.04(f) (7th ed. rev. 1 2000). According to the Manual of Patent Examining Procedure, "no changes will be made [by the Director to the order of inventors] except when a petition under 37 C.F.R. § 1.182 is granted."[2] *Id.* In short, the order of inventors is not a clerical error contemplated by § 255, and cannot be corrected in a judicial proceeding under that provision.

It is not problematic for district courts to lack the authority to correct the order of inventors because "the particular order in which the names appear is of no consequence insofar as the legal rights of the joint applicants are concerned." *Id.* As we stated in *Fina I,* "if the inventors are properly named on the patent, Fina has no concerns about invalidity of the patent over inventorship problems." 123 F.3d at 1471, 43 USPQ2d at 1940.

---

**2.** 37 C.F.R. § 1.182 (2000) concerns situations that are not specifically provided for in other regulations and authorizes the Director

to decide each case that arises in accordance with the merits of the situation.

## CONCLUSION

For the foregoing reasons, we vacate the order of the district court that ordered the Director to change the order of inventors on the '851 and '914 patents. The case is remanded to the district court for further proceedings consistent with this opinion.

*VACATED AND REMANDED.*

No costs.